Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MP PUERTO RICO, INC.<br><br>Parte Recurrida<br><br>v.<br><br>WORLDNET TELECOMMUNICATIONS, LLC; FUSE TELECOM, LLC y otros<br><br>Parte Peticionaria | TA2025CE00708 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2025CV02443<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta la Jueza Romero García[1], el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de noviembre de 2025.

La parte peticionaria, compuesta por WorldNet Telecommunications LLC y Fuse Telecom LLC, instó el presente recurso el 31 de octubre de 2025. En éste, solicita que revoquemos la *Orden* emitida el 28 de septiembre de 2025, y notificada el 1 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el referido dictamen, el foro primario denegó la *Moción conjunta de desestimación por falta de jurisdicción, legitimación activa, y de una reclamación que justifique la concesión de un remedio* presentada por la parte peticionaria.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[2], resolvemos denegar la expedición del auto de *certiorari,* sin trámite ulterior.

---

[1] Por inhibición de la Hon. Sol de B. Cintrón Cintrón, mediante la Orden Administrativa OATA-2025-220 del 4 de noviembre de 2025, en sustitución se designa a la Hon. Giselle Romero García.

[2] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

**I.**

El 14 de mayo de 2025, MP Puerto Rico, Inc. (en adelante, MP) instó una demanda sobre daños y perjuicios por negligencia contra WorldNet Telecommunications LLC, Fuse Telecom LLC (en conjunto, parte peticionaria) y sus compañías aseguradoras, denominadas con nombres ficticios. En su demanda, MP indicó que es el representante autorizado en Puerto Rico de la marca Marco's Pizza y que cobra regalías por cada venta realizada en los restaurantes que operan bajo la marca. Adujo que Marco's Pizza contrató con la parte peticionaria la prestación de servicios de telecomunicaciones e internet que permiten que los clientes realicen pedidos por teléfono o en línea, sobre cuyas ventas MP recibe regalías.

En específico, MP alegó que los días 11 y 12 de enero de 2025 (sábado y domingo, respectivamente), los servicios de telecomunicaciones e internet prestados por las peticionarias se interrumpieron de forma total y prolongada por cerca de 48 horas, lo que provocó que los restaurantes Marco's Pizza no pudieran recibir pedidos por teléfono o en línea. MP manifestó que ello causó una merma en las ventas de los restaurantes y produjo la pérdida de sus regalías. Según las alegaciones, la interrupción de los servicios de telecomunicaciones e internet se considera un incidente crítico para los cuales el tiempo de respuesta es de 20 minutos o menos, y que, a pesar de los requerimientos, la parte peticionaria aún no ha divulgado las causas de la interrupción, lo que constituyó una falta de cuidado o diligencia razonable conforme a los estándares de la industria. MP expresó, además, que la aludida interrupción de los servicios de telecomunicaciones e internet perjudicó la reputación y el prestigio de la marca Marco's Pizza. La demandante MP reclamó una partida no menor de $1,000,000.00 por los daños sufridos.

El 15 de agosto de 2025, la parte peticionaria presentó una *Moción conjunta de desestimación por falta de jurisdicción, legitimación activa, y de una reclamación que justifique la concesión de un remedio.* En primer lugar, esgrimió que el foro primario carecía de jurisdicción sobre la materia de telecomunicaciones, incluida una reclamación de daños y perjuicios por el presunto incumplimiento de dichos servicios, cuya jurisdicción exclusiva recae el Negociado de Telecomunicaciones. En segundo lugar, articuló que MP no ostentaba legitimación activa, toda vez que nunca experimentó la presunta interrupción de los servicios de telecomunicaciones e internet y tampoco contrató la prestación de dichos servicios. Añadió que mucho menos existía un deber contractual o extracontractual que la obligara a responder por las regalías pactadas entre MP y los restaurantes que operan bajo la marca. De esta forma, la parte peticionaria razonó que, en todo caso, los hechos de la demanda presentaban una reclamación contingente a la potencial causa de acción por incumplimiento contractual que pudiese existir entre la marca Marco's Pizza y la parte peticionaria. Por último, planteó que la demanda no alegaba un daño reputacional, sino económico que, de existir, no afectó a MP, sino a la marca Marco's Pizza. En virtud de lo anterior, la parte peticionaria dedujo que MP no expuso una reclamación que justificara la concesión de algún remedio.

MP presentó su *Oposición a moción conjunta de desestimación.* En síntesis, abogó por la continuación de su causa de acción, cuyas alegaciones resumió en que el acto u omisión negligente de la parte peticionaria consistió en no responder a la interrupción de los servicios de telecomunicaciones e internet en 20 minutos o menos, lo que provocó una disminución en las ventas, con la consecuente pérdida de regalías, más los daños a la reputación de la marca.

El 1 de octubre de 2025, el TPI notificó la *Orden* recurrida, en la que denegó la moción dispositiva presentada por la parte peticionaria y ordenó la continuación de los procedimientos.

En desacuerdo, el 31 de octubre de 2025, la parte peticionaria compareció ante nos y apuntó los siguientes señalamientos de error:

> Erró el TPI al determinar que MP tiene legitimación activa en este caso o, en la alternativa, al asumir jurisdicción cuando la reclamación de MP es contingente a una potencial causa de acción de incumplimiento contractual cuya jurisdicción exclusiva la ostenta el Negociado de Telecomunicaciones.

> Erró el TPI al determinar que MP formuló una reclamación plausible de daños y perjuicios cuando los hechos de la *Demanda* en los que pretende alegar cada elemento de esa causa de acción son conclusorios, especulativos y hasta uno claramente incompleto e infundado ya que dice ("Verificar con MP").

> Erró el TPI al permitir una reclamación por regalías cuando MP no atendió, y por tanto permitió darse admitido sin oposición, que no existe deber contractual ni extracontractual que obligue a las Demandadas a responder por las regalías pactadas entre MP y los terceros franquiciados.

> Erró el TPI al permitir una reclamación por daño reputacional cuando MP no atendió directamente, y por tanto permitió darse por admitido sin oposición, que en la *Demanda* no se alega tal daño reputacional sino uno económico que no es de MP sino de unos terceros, basado en hechos especulativos y conclusorios.

## II.

Examinado el recurso presentado por la parte peticionaria nos percatamos que éste versa sobre la denegatoria de una moción dispositiva, asunto contemplado en los supuestos sujetos a revisión de la Regla 52.1 de Procedimiento Civil[3]. Sin embargo, en este recurso no concurren los criterios contenidos en la Regla 40 de nuestro Reglamento[4], por lo que no vemos razón alguna para intervenir con la amplia discreción que ostenta el foro primario para regir sus procedimientos.

---

[3] Véase, Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.
[4] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 59-60.

La parte peticionaria no ha demostrado que el tribunal primario hubiera incurrido en un craso abuso de discreción o que hubiera actuado con prejuicio o parcialidad, o que se hubiera equivocado en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo que conlleve un fracaso de la justicia. Además, la parte peticionaria no expuso argumentos para justificar que nuestra intervención en esta etapa evitaría un perjuicio sustancial.

**III.**

Por lo antes expuesto, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones